UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FUJIAN PEAK GROUP, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-1005 |
| | § | |
| DAVID WEI HUANG, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Defendant David Wei Huang's Motion to Dismiss (Doc. 18) and Request for Judicial Notice (Doc. 18-1). Having considered the motion, the facts in the record and the applicable law, the Court concludes the Motion and Request should be granted.

### I.  Background[1]

This is a diversity suit removed from the 334th Judicial District Court of Harris County, Texas. Plaintiff Fujian Peak Group, Inc. ("Fujian") is an organization formed and existing under the laws of the People's Republic of China. Defendant David Wei Huang is a resident and domiciliary of the State of California.

This suit arises from a dispute over two contracts between Fujian and D & R Holdings, a California company, for advertising rights at Houston Rockets games. The contracts included clauses requiring binding arbitration in Houston. On June 14, 2007, Fujian filed a lawsuit in Judicial District Court of Harris County, which was referred to arbitration and dismissed. Huang was named but not served in the suit. On October 8, 2009, Fujian filed a second lawsuit against Huang, which was dismissed after Huang was added to the arbitration proceedings by consent of an attorney for D & R who purported to be an attorney for Huang. The arbitrator issued an award

---

[1] Background information is taken from the parties' Joint Consent Order. Doc. 9.

against D & R and Huang, jointly and severally. The award was confirmed by a California court. Huang appealed and sued the attorney for D & R for malpractice. The confirmation was reversed and remanded on the issue of whether Huang was properly added to the arbitration proceeding. Doc. 18-9. On October 29, 2012, the trial court entered a Corrected Judgment dismissing the confirmation as to Huang for lack of personal jurisdiction. Doc. 18-10. Fujian appealed but failed to prosecute. Doc. 18-3. On February 23, 2011, during the appeals of the California confirmation suits, Fujian filed a parallel confirmation suit in Texas, now before the Court. Doc. 1-2. The parties moved for a Joint Consent Order to stay this suit pending the outcome of the California suits, which are now resolved. Docs. 9, 10.

## II.     Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual matter is limited to "documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

## III.     Discussion

### A.     *Request for Judicial Notice*

Huang requests the Court take judicial notice of prior court documents. Doc. 18-1. Rule 56, Rule 12(c). In considering a motion to dismiss under Rule 12(b)(6), the court may take judicial notice of facts "determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). These include "records of the court." *Id.* note; *see also*

*Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); 5A Wright & Miller § 1357.

### B. *Res Judicata*

Huang seeks dismissal on grounds of res judicata. In determining whether a suit is precluded by a prior state judgment, federal courts apply the law of the state where the judgment was rendered. *Lafreniere Park Found v. Broussard*, 221 F.3d 804, 808 (5th Cir. 2000). Under California law, the elements of res judicata are:

> (1) a claim or issue raised in the present action that is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.

*Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010); *Wolin v. City of Los Angeles*, 524 Fed. Appx. 331, 332 (9th Cir. 2013). In regard to the first element, claims or issues are "identical" if they arise from the same "primary right." *Boeken*, 230 P.3d at 348. Here, Fujian's claims in both the California confirmation suit and the instant confirmation suit arise from the same primary right, Fujian's right to the arbitration award. Docs. 1-2, 18-9 at 2. Regarding the second element, the California suit resulted in a final judgment on the merits. Order Following Remand Amending and Correcting Contractual Arbitration Award, Doc. 18-10. Regarding the third element, Fujian was the plaintiff in both the California and Texas confirmation suits. Docs. 1-2, 18-9. Therefore, based on the final judgment in the California confirmation suit, the instant suit is barred by res judicata.

### IV. Conclusion

For the foregoing reasons, it is hereby

ORDERED that the Motion to Dismiss (Doc. 18) and Request for Judicial Notice (Doc. 18-1) filed by Defendant David Wei Huang individually and d/b/a D & R holdings

and D & R Holdings, Inc. are GRANTED and Fujian Peak Group, Inc.'s case is DISMISSED with prejudice.

Final judgment will be entered by separate document.

SIGNED at Houston, Texas, this 11th day of February, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE